UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATA SONS PRIVATE LIMITED,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TELANGANA AMERICAN TELUGU ASSOCIATION,<br><br>　　　　　　　Defendant. | Civil Action No. 1:20-cv-8898<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

　　　　WHEREAS, this action was commenced on October 23, 2020 by the filing of the Summons and Complaint;

　　　　WHEREAS, in the Complaint, Plaintiff Tata Sons Private Limited ("Tata Sons") seeks injunctive relief and monetary damages against Defendant Telangana American Telugu Association (the "Association") for infringement of Tata Sons' federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for breach of contract under the common law of the State of New York.

　　　　WHEREAS, the parties desire to settle the controversy between them and have entered into a Confidential Settlement Agreement for that purpose; and such Confidential Settlement Agreement provides for the entry of a Consent Judgment and Permanent Injunction upon the terms set forth herein.

　　　　WHEREAS, the Association now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

1.	This Court has jurisdiction over the subject matter of this case and jurisdiction over the Association.

2.	Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.	Tata Sons is the owner of valid and subsisting United States Trademark Registration Numbers 4031815 and 3963247 (hereinafter "TATA Mark"), which have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

4.	Tata Sons has used the TATA Mark in commerce in the United States continuously since at least 1945 in connection with both its commercial holdings and its philanthropic work in the United States and India.

5.	As a result of its widespread, continuous, and exclusive use of the TATA Mark, Tata Sons owns valid and subsisting federal statutory and common law rights to the TATA Mark.

6.	Tata Sons' TATA Mark is distinctive to both the consuming public and Tata Sons' trade.

7.	As a result of Tata Sons' charitable and commercial endeavors, the TATA Mark has strong name recognition in the United States and is a source of valuable goodwill in a variety of fields, including charitable activities. Tata Sons has expended significant time, money, and

resources marketing and promoting both the Tata Group of companies and its philanthropic works under the TATA Mark.

8. Without Tata Sons' authorization, and beginning after Tata Sons acquired protectable exclusive rights in the TATA Mark, the Association adopted and began using the TATA Mark and marks confusingly similar to the TATA Mark in United States commerce.

9. On December 14, 2015, Tata Sons and the Association entered into a binding, fully integrated Settlement Agreement, in which the Association agreed to desist from unauthorized use of Tata Sons' intellectual property, including using the TATA Mark or a confusingly similar mark to promote the Association or its events, sell memberships, or solicit charitable donations.

10. After entering into the Settlement Agreement, the Association nevertheless resumed using the TATA Mark and marks confusingly similar to the TATA Mark in United States commerce, without Tata Sons' authorization, including using the TATA Mark to seek endorsements and financial contributions.

11. The Association's actions constitute a material breach its obligations under the Parties' December 14, 2015 Settlement Agreement by engaging in unauthorized use of Tata Sons' intellectual property, including the TATA Mark, and refusing to cure that breach when notified by Tata Sons.

12. The Association's actions constitute use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the TATA Mark in connection with the sale, offering

for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

13. The Association's use of the TATA Mark is also likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Association with Tata Sons, or as to the origin, sponsorship, or approval of the Association's goods, services, or commercial activities by Tata Sons.

14. The foregoing conduct by the Association constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and breach of contract in violation of New York common law. The Court hereby enters judgment against the Association on these claims.

15. As a direct and proximate result of the Association's infringing conduct alleged herein, Tata Sons has sustained immediate and irreparable injury, and is entitled to an injunction pursuant to 15 U.S.C. § 1116.

16. The Association hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

17. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Tata Sons' claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

18. The Association, together with all of the Association's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active

concert or participation with the Association are permanently enjoined and restrained from directly or indirectly:

(a) marketing, promoting, advertising, or selling any organization, membership, event, product, or service, or soliciting charitable contributions using the TATA Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the TATA Mark, including the abbreviation T.A.T.A.;

(b) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that the Association's organization, membership, events, products, services, or solicitation of charitable donations are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Tata Sons;

(c) using or authorizing any third party to use in connection with any organization, membership, events, products, services, or solicitation of charitable donations any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such organization, membership, events, products, services, or solicitation of charitable donations with Tata Sons or tend to do so;

(d) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the TATA Mark or any other mark that infringes or is likely to be confused with Tata Sons' TATA Mark, or any goods or services of Tata Sons, or Tata Sons as their source, including the abbreviation T.A.T.A; and

(e) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 18(a) through paragraph 18(e).

19. The Association shall file with the Court and serve upon Tata Sons' counsel within thirty (30) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which the Association has complied therewith.

20. The Association shall ensure that during any change in the leadership of the Association, the new leaders are notified of the existence of this Consent Judgment and Permanent Injunction.

21. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

22. If the Association is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Tata Sons shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

23. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

24. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

25. This Consent Judgment and Permanent Injunction shall be deemed to have been served upon Plaintiff and Defendant at the time of its execution and entry by the Court.

**SO ORDERED.**

Dated: April 10, 2021

                                                     The Honorable John P. Cronan
                                                   United States District Judge

**Consent to Entry**

The parties hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction as set forth herein and consent to entry thereof.

Dated: April 9, 2021

WILLIAMS & CONNOLLY LLP

By: /s/ Adam D. Harber
Adam D. Harber (#4487989)
Matthew W. Lachman (*pro hac vice*)
650 Fifth Avenue
Suite 1500
New York, NY 10019
Telephone: (202) 434-5000
Fax: (202) 434-5029
aharber@wc.com
mlachman@wc.com

*Attorneys for Plaintiff Tata Sons Private Limited*

Dated: April 9, 2021

RAIMONDI LAW P.C.

By: /s/ Christopher A. Raimondi
Christopher A. Raimondi (#39055636)
552 Broadway
Massapequa, NY 11758
Telephone: (516) 308-4462
Fax: (516) 308-4463
craimondi@raimondi-law.com

*Attorney for Defendant Telangana American Telugu Association*